

# THE ATTORNEY GENERAL
## OF TEXAS
### AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

*Overruled by*
*H-194 (where)*
*conflicts*

October 27, 1972

Honorable Tom Hanna
Criminal District Attorney
Jefferson County Courthouse
P. O. Box 2553
Beaumont, Texas 77701

Opinion No. M-1250

Re: Questions concerning consoli-
dation of funds from the
special road and bridge tax
fund and the farm to market
and lateral road tax fund
with the general fund of the
county.

Dear Mr. Hanna:

Your request for an opinion asks the following questions:

"1. Can the fifteen cent (15¢) special road
and bridge tax fund be transferred into the general
fund and used for other purposes?

"2. Can the money received from the special
road and bridge tax fund or the farm to market
and lateral road tax fund be used for any pur-
pose other than road and bridge?"

In First State Bank and Trust Company of Rio Grande
City v. Starr County, 206 S.W.2d 246 (Tex.Civ.App. 1957), it was
held that where the voters of the county had authorized the
creation of a special road and bridge fund, the commissioners
court had no authority to transfer such money to another fund.
Likewise it was held in Carroll v. Williams, 109 Tex. 155, 202
S.W. 504 (1918), that tax money raised ostensibly for one purpose
may not be expended for any other purpose.

Subsequent to the above cited cases, Section 9 of Article
VIII of the Constitution of Texas was amended so as to provide:

"Sec. 9. The State tax on property, exclusive
of the tax necessary to pay the public debt, and of
the taxes provided for the benefit of the public
free schools, shall never exceed Thirty-five Cents
(35¢) on the One Hundred Dollars ($100) valuation;
and no county, city or town shall levy a tax rate
in excess of Eighty Cents (80¢) on the One Hundred

Dollars ($100) valuation in any one (1) year for general fund, permanent improvement fund, road and bridge fund and jury fund purposes; provided further that at the time the Commissioners Court meets to levy the annual tax rate for each county it shall levy whatever tax rate may be needed for the four (4) constitutional purposes; namely, general fund, permanent improvement fund, road and bridge fund and jury fund so long as the Court does not impair any outstanding bonds or other obligations and so long as the total of the foregoing tax levies does not exceed Eighty Cents (80¢) on the One Hundred Dollars ($100) valuation in any one (1) year. Once the Court has levied the annual tax rate, the same shall remain in force and effect during that taxable year; and the Legislature may also authorize an additional annual ad valorem tax to be levied and collected for the further maintenance of the public roads; provided, that a majority of the qualified property taxpaying voters of the county voting at an election to be held for that purpose shall vote such tax, not to exceed Fifteen Cents (15¢) on the One Hundred Dollars ($100) valuation of the property subject to taxation in such county. Any county may put all tax money collected by the county into one general fund, without regard to the purpose or source of each tax. And the Legislature may pass local laws for the maintenance of the public roads and highways, without the local notice required for special or local laws. This Section shall not be construed as a limitation of powers delegated to counties, cities or towns by any other Section or Sections of this Constitution."

It is noted that the constitutional provision authorizes a levy not to exceed a tax rate in excess of Eighty Cents (80¢) on the One Hundred Dollars ($100) valuation "needed for the four (4) constitutional purposes; namely, general fund, permanent improvement fund, road and bridge fund and jury fund so long as the Court does not impair any outstanding bonds or other obligations . . . ." The constitutional provision also authorizes the Legislature to provide for an additional tax for the maintenance of public roads, provided such tax is voted at an election not to exceed Fifteen Cents (15¢) on the One Hundred Dollars ($100) valuation. After providing for these levies, the constitutional provision states: "Any county may put all tax money

collected by the county into one general fund, without regard to the purpose or source of each tax."

It is noted that Section 9 of Article VIII is self-enacting with regard to authorizing the levy of the Eighty Cents (80¢) tax for the four constitutional funds, whereas the levy of the special road and bridge tax requires legislative authorization as well as a vote of the taxpayers. Such constitutional provision therefore must be construed as a whole and effect given to the special road and bridge tax. Therefore it is our opinion that the principle of law announced in Carroll v. Williams, supra, and First State Bank and Trust Company of Rio Grande City v. Starr County, supra, that tax money raised ostensibly for one purpose may not be expended for any other purpose, was not changed by the amendment to Section 9 of Article VIII of the Constitution of Texas. On the contrary, such amendment only authorizes the consolidation of the four constitutional funds involved in the Eighty Cents (80¢) levy; namely, general fund, permanent improvement fund, road and bridge fund, and jury fund. This principle was recognized and followed in Attorney General's Opinion M-369 (1969), wherein it was stated:

"The Commissioners Court of a county may consolidate the general fund, permanent improvement fund, road and bridge fund and jury fund into a county general fund, as provided for by the 1967 amendment to Section 9 of Article VIII, Texas Constitution. However, where such an election has been made, and such consolidation achieved, the Commissioners Court may not consolidate the Officers' Salary Fund with the resultant general fund of the county."

Attorney General's Opinion M-369 (1969) was clarified in Attorney General's Opinion M-438 (1969), wherein it was stated:

"Attorney General's Opinion M-369 (1969) is applicable only to those counties in Texas having a population of less than 190,000 inhabitants. Counties having a population in excess of 190,000 inhabitants may consolidate the Officers' Salary Fund with the general fund of the county. The authority for doing so being granted by Section 19(i) of Article 3912e, Vernon's Civil Statutes."

In view of the foregoing it is our opinion that the

amendment to Section 9 of Article VIII of the Constitution of Texas authorizing the consolidation of the four constitutional funds has no application to the special Fifteen Cents (15¢) road and bridge tax fund authorized by the provisions of Article 6790, Vernon's Civil Statutes, nor to the Thirty Cents (30¢) farm to market and lateral road tax fund provided by Section 1a of Article VIII of the Texas Constitution and Article 7048a, Vernon's Civil Statutes.

You are accordingly advised that the Fifteen Cents (15¢) special road and bridge tax fund may not be transferred into the general fund and used for other purposes. In answer to your second question you are likewise advised that money received from the special road and bridge tax fund or the farm to market and lateral road tax fund may not be used for any purpose other than roads and bridges. Article VIII, Section 1a, Texas Constitution; Article 7048a, Vernon's Civil Statutes.

<u>S U M M A R Y</u>

The Fifteen Cents (15¢) special road and bridge tax fund and the farm to market and lateral road tax fund may not be transferred into the general fund and may not be used for any purpose other than roads and bridges.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by John Reeves
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman
John Banks
Bill Campbell
Roland Allen
Jay Floyd

SAMUEL D. McDANIEL
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant